IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

QUAD INT'L., INC.,

      Plaintiff,                              No. 2:12-cv-2635 LKK DAD

   vs.

JOHN DOE,                                    <u>ORDER</u>

      Defendant.

_____/

      Presently before the court is plaintiff's renewed ex parte application seeking leave to take expedited discovery.

      In this action, filed October 23, 2012, plaintiff alleges copyright infringement, negligence and contributory infringement of the adult entertainment video, "ScoreHD-Tokyo Pick-up" ("Video") against a single defendant identified in plaintiff's complaint as "John Doe." In the course of monitoring Internet-based infringement of its copyrighted content, plaintiff's agents allegedly observed unlawful reproduction and distribution of the Video via the Bit Torrent file transfer protocol by defendant John Doe. Although plaintiff does not know the actual name of defendant John Doe, plaintiff's agents have identified defendant John Doe by an IP address, 98.192.184.147, and the date and time of the alleged unlawful activity. (Compl. (Doc. No. 1) at 1-2, 6.)

1

1         According to plaintiff, only the Internet Service Provider ("ISP") who issued the
2 IP address connected with the unauthorized activity has the ability to identify the Doe defendant.
3 Plaintiff asserts that it has identified Comcast Cable Communications LLC as the ISP who issued
4 the IP address connected with the unauthorized activity.  Plaintiff contends that ISPs only keep
5 the identifying information for a limited period of time, for as little as months or even weeks
6 before potentially permanently erasing the information.
7         Accordingly, on October 28, 2012, plaintiff filed an ex parte application seeking
8 an order granting expedited discovery to serve a Rule 45 subpoena on Comcast Cable
9 Communications LLC to determine the identity of the Doe defendant, thereby permitting plaintiff
10 to amend its complaint to state the true name of the defendant and serve the defendant with
11 process.  (Ex Parte Motion (Doc. No. 6) at 1-12.)
12         On November 19, 2012, the undersigned issued an order denying plaintiff's ex
13 parte motion, without prejudice, because plaintiff's complaint fails to demonstrate that this action
14 could not be dismissed for lack of personal jurisdiction or improper venue.  (Doc. No. 7.)  On
15 November 28, 2012, plaintiff filed a renewed ex parte application for leave to take expedited
16 discovery.  (Doc. No. 8.)  Therein, plaintiff states that it "used geolocation technology to trace the
17 IP address of the Defendant" to Fresno, California.  (Doc. No. 8 at 3.)
18         Plaintiff is advised that the United States District Court for the Eastern District of
19 California sits in Fresno as well as Sacramento.  Intra-district venue is governed by Local Rule
20 120, which provides as follows:

21          **(d)   Commencement of actions.**    All civil and criminal actions
              and proceedings of every nature and kind cognizable by the United
22            States District Court for the Eastern District of California arising in
              Calaveras, Fresno, Inyo, Kern, Kings, Madera, Mariposa, Merced,
23            <u>Stanislaus</u>, Tulare and Tuolumne counties shall be commenced in
              the United States District Court sitting in Fresno, California . . . .
24

25 Local Rule 120(d) (emphasis added).
26 /////

2

Here, plaintiff alleges that the defendant responsible for the infringing activity is located in Fresno, California. Thus, this action should have been commenced in the Fresno Division of the court. See 28 U.S.C. § 1400(a) (civil actions for copyright infringement "may be instituted in the district in which the defendant or his agent resides or may be found."). When an action has not been filed in the proper division of this court, the court may, on its own motion, transfer the action to another venue within the district. See Local Rule 120(f). The undersigned will therefore transfer this action to the Fresno Division of the court for all further proceedings.

Good cause appearing, IT IS HEREBY ORDERED that:

1. This action is transferred to the United States District Court for the Eastern District of California sitting in Fresno; and

2. All future filings shall reference the new Fresno case number to be assigned and shall be filed only at:

> United States District Court
> Eastern District of California
> 2500 Tulare Street
> Fresno, CA 93721

DATED: December 17, 2012.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DDAD:6
Ddad1/orders.civil/quad2635.transfer.ord

3